No. 31,287

THE PUTNAM INVESTMENT COMPANY, *Appellant,* v. JACOB J.
GERSTNER, *Appellee.*

(27 P. 2d 206.)

Opinion filed
December 9, 1933.

*W. L. Sayers* and *James O. McVey,* both of Hill City, for the appellant.
*J. S. Parker,* of Hill City, for the appellee.

The opinion of the court was delivered by

BURCH, J.:   The action was one by a landlord to recover on a
note for $100 given for pasture rent.   Liability on the note was not
contested, but the tenant counterclaimed damages for injury to a
crop of corn.   Defendant recovered $120 above the amount of the
note, and plaintiff appeals.

Plaintiff obtained title to the land through foreclosure of a
mortgage.   In the fall of 1929, and before the sheriff's deed was
issued, it appeared the landowner could not redeem, and defendant,
the landowner's son, was given privilege to sow wheat, which he did.
Plaintiff was to receive one-third of the crop.   In the spring of 1930,
and after the sheriff's deed was issued, plaintiff gave defendant a
lease of the land.   The lease is not abstracted in full.   Plaintiff re-
produces certain portions, and defendant other portions.   The lease
contained the following provision:

"That second party to have the privilege of harvesting any spring crop
planted, when mature, it being understood that ground not now in crop may
be planted to corn by second party."

Defendant planted sixty acres of corn.   Plaintiff sold the land to
Knoll.   Defendant vacated the premises on August 4, and Knoll's
stock greatly damaged the growing corn.   Defendant did not pay the
note, and this lawsuit followed.

The action was instituted before a justice of the peace.   Defendant
counterclaimed for damages for injury to the corn crop by plaintiff's
stock, and recovered.   Plaintiff gave a bad appeal bond, which was

amended in the district court. In stating the case in the district court, defendant's attorney said plaintiff contracted to pay damages in case the corn crop was injured, if defendant would comply with a notice to vacate on August 1. Plaintiff objected to the shifting from one cause of action to another in the district court. The liberal practice prevailing in justice court was applicable in the district court, plaintiff knew defendant wanted damages for injury to his corn crop, no continuance was requested, the facts of the controversy were fully developed at the trial, and plaintiff suffered no prejudice on account of submission of the cause to the jury on the contract theory.

Plaintiff contends the lease provided that possession would be given on August 1, and there was no consideration for the promise to pay damages if any were suffered if defendant would vacate on August 1. The matter is not so simple as that.

The lease was for the period of six months beginning March 1 and ending August 1. The lease was also for the period of twelve months beginning March 1. The lease provided the tenant would vacate on August 1. The lease also provided that in case the land was sold and the purchaser desired possession, possession would be surrendered on payment of the value of any growing and immature crops. The land was sold on an option contract providing for payment of $1,500 on or before August 1, when possession would be given. In May plaintiff wrote a letter to defendant stating the land occupied by defendant under lease expiring August 1 had been sold, and possession would be required at expiration of the lease. The letter said one-third of the wheat and the pasture note would go to plaintiff, and the spring crop would go to the purchaser when matured. Afterward plaintiff served on defendant a notice that the lease terminated on August 1, and defendant "must quit and vacate said premises held by you as my tenant on or before that date." There is some uncertainty respecting the date when this notice was served. Defendant did not vacate pursuant to the notice, or pursuant to the provision of the lease for surrender of possession on August 1. He remained in possession until August 4. Before he vacated, plaintiff's agent, Gamble, gave defendant notice to move, and defendant testified the following conversation occurred:

"I says, 'Well, I am willing to move.' I said, 'I got this crop out here, and I might get some damage if I moved off.' 'Well,' he said, 'There ain't nothing to that.' He said, 'We stand good for that.' I said, 'If you stand good for that—. . .

"Well, he gave me the notice, and told me I had to move. I said, 'I ain't got nothing agin moving only if I get damage, I want my damage in the corn.' He said, 'There ain't nothing to that.' He said, 'You get your damage.' 'We got a note agin you, and you just don't pay the note,' and that is as good as security, he said. I said, 'If you stand good for that, and there ain't no trouble, I move off and be done with it.' I moved off."

We have here an ambiguous lease, and a resulting situation in which both plaintiff and defendant were exposed to detriment. They composed the difficulty to their mutual satisfaction. Defendant acted accordingly, and plaintiff was bound.

There was no trial error of consequence, damages were fully proved, and the instructions to the jury sufficiently presented the contract issue.

The judgment of the district court is affirmed.

HUTCHISON, J., not sitting.